## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JACOB ALLEN PARSONS, | ) | |
| ERIN LEE PARSONS, | ) | |
| | ) | |
| Appellants, | ) | |
| | ) | |
| v. | ) | Civil No. 14-3334 |
| | ) | |
| JEFFREY D. RICHARDSON, | ) | |
| | ) | |
| Appellee. | ) | |

### OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Before the Court is Appellee Jeffrey Richardson's Motion to Dismiss Appeal (d/e 3). Because the Court lacks jurisdiction over Appellants Jacob Allen Parsons and Erin Lee Parsons' appeal, the Motion to Dismiss is GRANTED.

Jacob Allen and Erin Lee Parsons initially filed for bankruptcy in the Southern District of Texas. Jeffrey Richardson was a trustee in that bankruptcy case who moved to transfer the case to the Central District of Illinois. On September 18, 2014, the Southern District of Texas bankruptcy court granted Richardson's motion.

On October 3, 2014, the Parsons filed a notice appealing the

Southern District of Texas bankruptcy court's transfer order. That

appeal caused the case currently before this Court to be opened on

November 6, 2014. Richardson moved to dismiss the appeal for

lack of jurisdiction[1] on November 18, 2014. As of February 3,

2015, the Parsons had not filed a response to Richardson's motion

to dismiss so the Court sent a notice to the Parsons informing them

that they would need to file a response to Richardson's motion by

February 20, 2015, or face dismissal of their appeal.

The Parsons did not file a response by February 20, but, on

March 3, 2015, they filed a document titled "Motion for Extension of

Time to Respond." In their motion, the Parsons stated that they did

not understand what Richardson's motion to dismiss "[was] all

about" and did not know how to respond to it. The Parsons also

requested that the Court send them filings from this case and

provide them with legal assistance to respond to Richardson's

motion to dismiss and to "others who are challenging the

---

[1] Richardson makes several other arguments against the Parsons' appeal, but because the Court concludes that the Court lacks jurisdiction over the appeal, the Court need not address these other arguments.

bankruptcy." The Court granted the Parsons' extension request by ordering them to file a response to Richardson's motion by March 20, 2015, explaining the reason for their late appeal. The Court denied the Parsons' request for counsel. No response to Richardson's motion was received by March 20.

The Court concludes that the Parsons' appeal must be dismissed because the Court lacks jurisdiction to hear the appeal. Under Federal Rule of Bankruptcy Procedure 8002, appeals of bankruptcy court orders must be filed within 14 days. See Fed. R. Bankr. P. 8002(a)(1). An appealing party can request additional time to file an appeal during this 14-day period, or, if the party can show "excusable neglect," within the 21 days following the expiration of the 14-day period. See Fed. R. Bankr. P. 8002(d)(1). Rule 8002 is jurisdictional—that is, if an appealing party fails to either file an appeal or request additional time to file an appeal within the limits set by Rule 8002, a district court lacks jurisdiction to hear the appeal. See In re Monahan, 3 F. App'x 558, 559 (7th Cir. 2001) ("Bankruptcy Rule 8002(a) requires that a notice of appeal from a bankruptcy court's decision be filed within [fourteen]

days from the entry of judgment, and failure to do so deprives the district court of jurisdiction."); In re Longardner & Associates, Inc., 855 F.2d 455, 463 (7th Cir. 1988) (forbidding any extension of the deadline for filing an appeal not allowed by Rule 8002); In re Schwinn Bicycle Co., 209 B.R. 887, 890 (N.D. Ill. 1997) ("The court finds that Fairly failed to file its notice of appeal and to request an extension of time to file its notice of appeal in a timely manner, and therefore that this court has no jurisdiction over Fairly's appeal."). The only exception to this jurisdictional bar arises through the "unique circumstances" doctrine, under which a court can "excuse an untimely notice of appeal 'only where a party has performed an act which, if properly done, would postpone the deadline for filing his appeal and has received specific assurance by a judicial officer that this act has been properly done.'" Monahan, 3 F. App'x at 560 (quoting Osterneck v. Ernst & Whinney, 489 U.S. 169, 179 (1989)).

Here, the Parsons did not satisfy the requirements of Rule 8002. They appealed the bankruptcy court's order on October 3, 15 days after the September 18 ruling. See Fed. R. Bankr. P. 9006 (explaining that in calculating deadlines, a court begins counting

with the day after an order is entered and counts every day from there onwards, including weekends and holidays). The Parsons did not request an extension of time either before or after filing their notice of appeal. Furthermore, there were no particularly "unique circumstances" here to justify an exception to Rule 8002's jurisdictional bar. The Parsons did not take any actions which could have "postpone[d] the deadline for filing [their] appeal"—they simply filed their appeal after the deadline. Lastly, the Court notes that while the Parsons currently lack representation and filed their notice of appeal themselves, they were actually represented by counsel until October 28, 2014—long after the expiration of the deadline to appeal or to seek leave to file a late appeal based on excusable neglect—and their counsel filed nothing to justify the Parsons' late appeal.

For these reasons, the Court concludes that the Parsons' appeal was filed after Rule 8002's deadlines, meaning that the Court lacks jurisdiction to hear the Parsons' appeal. Therefore, Richardson's Motion to Dismiss (d/e 3) is GRANTED. The Clerk is directed to close this case.

ENTER: March 25, 2015.

s/ Sue E. Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE